IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALLORY CARABAJAL AND ANTONIO JASSO, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-52 |
| | § | |
| XPO LOGISTICS, INC, AKA XPO LOGISTICS, LLC, XPO LAST MILE, INC., DBA XPO LOGISTICS, AND LOWE'S HOME CENTERS, LLC, AND JOHN DOE | § § § § § | |
|     Defendants. | § | |

**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Lowe's Home Centers, LLC ("Lowe's") in the cause styled *"Mallory Carabajal and Antonio Jasso v. XPO Logistics, Inc, aka XPO Logistics, LLC, XPO Last Mile, Inc., DBA XPO Logistics, and Lowe's Home Centers, LLC, and John Doe,"* originally pending as Cause No. 2021-43451 in the 189th Judicial District Court of Harris County, Texas, files this Notice of Removal of the cause to the United States District Court for the Southern District of Texas, Houston Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.  In particular, diversity jurisdiction exists in this case because there is complete diversity of

- 1 -

citizenship between the parties, no properly joined and served defendant is a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## DIVERSITY JURISDICTION

Upon information and belief, Plaintiffs, at the time of the initial filing of this action and at the current time of the removal of this action, were and are citizens, residents, and domiciles of the State of Texas.[2]

Defendant Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Mooresville, North Carolina. Lowe's Home Centers, LLC is a wholly owned subsidiary of its sole member, Lowe's Companies, Inc., a publicly traded North Carolina corporation, which also has its principal place of business in Mooresville, North Carolina. Neither Lowe's Home Centers, LLC nor Lowe's Companies, Inc. has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas. Therefore, Lowe's Home Centers, LLC is a citizen of the State of North Carolina because its sole member (Lowe's Companies, Inc.) is a citizen of the State of North Carolina.[3]

Upon information and belief, XPO Logistics, Inc. (erroneously named as "XPO Logistics, Inc, aka XPO Logistics, LLC, XPO Last Mile, Inc., DBA XPO Logistics") is a Delaware corporation with its principal place of business in Greenwich, Connecticut. Upon information and believe, XPO

---

[1] *See* 28 U.S.C. § 1332 (2018).

[2] *See* Pl.'s Orig. Pet., at p. 1, ¶¶ 2-3, attached hereto as **Exhibit 1**.

[3] *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members.")).

Logistics, Inc. is neither a resident of nor incorporated in Texas, nor does it have its principal place of business in the State of Texas. Therefore, XPO Logistics, Inc. (erroneously named "XPO Logistics, Inc, aka XPO Logistics, LLC, XPO Last Mile, Inc., DBA XPO Logistics") is a citizen of the States of Delaware and Connecticut.[4]

Defendant John Doe is a fictional person, and his citizenship—which is necessarily fictional as well—must be disregarded for purposes of removal.[5] Moreover, as Doe is not a proper party to this action, has been improperly and/or fraudulently joined, and/or has not been properly served, his citizenship should not be considered for purposes of removal.

As such, complete diversity exists between the parties.

### III.
### VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this United States District Court for the Southern District of Texas, Houston Division, embraces the county (Harris County, Texas) in which the removed action is pending.

---

[4] Although Plaintiffs named only "XPO Logistics, Inc" as the sole XPO defendant and then listed aliases for that corporation, two of the aliases are actually separate corporations, each of which is likewise diverse. Upon information and belief, XPO Logistics, LLC is a limited liability company and is a wholly owned subsidiary of its sole member, XPO Logistics, Inc., a Delaware corporation with its principal place of business in Greenwich, Connecticut. Therefore, XPO Logistics, LLC is a citizen of the States of Delaware and Connecticut because its sole member (XPO Logistics, Inc.) is a citizen of the States of Delaware and Connecticut. Upon information and belief, XPO Last Mile, Inc., dba XPO, Logistics is a Georgia Corporation with its principal place of business in North Carolina. Therefore, XPO Last Mile, Inc. is a citizen of the States of Georgia and North Carolina. *See Settlement Funding, L.L.C.*, 851 F.3d at 536 (citing *Harvey*, 542 F.3d at 1080 ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members.")).

[5] *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 248 (5th Cir. 2011) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Stephens v. Halliburton Co.*, 2003 WL 22077752, 5 (N.D. Tex. 2003) ("naming a John Doe defendant does not defeat the named defendant's right to remove a diversity case if its citizenship is diverse from that of the plaintiff.").

## IV.
## FACTUAL BACKGROUND

Plaintiffs claim that on July 19, 2019, defendant XPO Logistics, Inc, aka XPO Logistics, LLC, XPO Last Mile, Inc., DBA XPO Logistics ("XPO"), "under [the] direction and control of Lowe's," delivered to their home a refrigerator they had purchased from Lowe's.[6] Plaintiffs allege that the XPO employees removed Plaintiffs' front door to facilitate delivery of the refrigerator and propped the door upright inside Plaintiffs' home.[7] They claim that XPO's employees failed to secure the heavy door and, as a result, the door fell, striking plaintiff Carabajal on her hand, fracturing her hand and causing property damage to the door itself.[8] Plaintiffs further assert that because the door's glass panels shattered, defendants' negligence made Antonio's home "unsafe and susceptible to weather damage, home invasion, and waste of energy through loss of insulating properties for cooling and heating."[9]

Plaintiffs filed suit on July 19, 2021, in the 189th Judicial District Court of Harris County, Texas, alleging negligence causes of action against Defendants.[10] Plaintiffs served Lowe's with citation and process on December 13, 2021. Plaintiffs seek monetary relief "of $250,000 or less, excluding interest, statutory or exemplary damages and penalties, attorney fees, and court costs."[11]

---

[6] *See* Pl.'s Orig. Pet., at p. 3, ¶ 11 (Ex. 1).

[7] *See id.*, at p. 3, ¶ 12 (Ex. 1).

[8] *See id*. (Ex.1).

[9] *Id.* (Ex. 1).

[10] *See id.*, generally (Ex. 1).

[11] *Id.*, at p. 3, ¶ 13 (Ex. 1).

## V.
## ALLEGED CITIZENSHIP OF "JOHN DOE" SHOULD BE DISREGARDED

At first blush, the face of Plaintiff's Original Petition appears to reflect that a non-diverse defendant was sued, as Plaintiff states that, "John Doe is a resident of Texas who resides in Harris County."[12] But for purposes of determining diversity of citizenship, the citizenship of defendant "John Doe" must be disregarded for two reasons. First, the removal statute expressly states that the citizenship of fictional defendants must be disregarded. Second, federal law requires courts to disregard the citizenship of defendants that are improperly or fraudulently joined.

Here, Plaintiffs named a fictional "John Doe" as a defendant and baldly asserted he is a citizen of Texas.[13] Plaintiff do not set forth any specific factual allegations against Doe, make any effort to describe or identify him, or allege how he was allegedly negligent.[14] Thus, Plaintiffs have not pled any facts that would allow Plaintiffs to recover from Doe in his individual capacity or that would even allow Plaintiffs to impute Doe's purported negligence to either Lowe's or XPO under theories of vicarious liability or *respondeat superior*. Moreover, upon information and belief, "John Doe" has not been served and no citation has been requested or issued.[15]

The federal removal statute is clear that "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a)…, the citizenship of defendants sued under fictitious names shall be disregarded."[16] The Fifth Circuit and the federal district courts of

---

[12] *See* Pl.'s Orig. Pet., at p. 2, ¶ 6(iii) (Ex. 1).

[13] *See id*. (Ex. 1).

[14] *See generally, id*. (Ex. 1).

[15] *See* State Court Docket Sheet, attached as **Exhibit 2**.

[16] 28 U.S.C. § 1441(b)(1).

Texas likewise have made clear that "naming a John Doe defendant does not defeat the named defendant's right to remove a diversity case if its citizenship is diverse from that of the plaintiff."[17] Therefore, because the defendant sued as "John Doe" was sued in a fictitious name, his citizenship must be disregarded.

Moreover, when determining diversity jurisdiction, a district court must disregard any defendant who has not been "properly" joined and served.[18] A non-diverse defendant is improperly joined if there was actual fraud in the pleading of jurisdictional facts or the plaintiff cannot establish a cause of action against the non-diverse defendant.[19] Fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against a named defendant based on the pleaded facts.[20]

Federal courts in Texas look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[21] However, here it is unnecessary to analyze any potential causes of action arising under Texas law because beyond simply naming "John Doe" as a defendant and identifying his purported residence, Plaintiffs have made zero factual allegations against this "John Doe," let alone any that might entitle them to relief under any theory of

---

[17] *Stephens v. Halliburton Co.*, No. 3:02-CV-1442-L, 2003 WL 22077752, at *5 (N.D. Tex. Sept. 5, 2003 (Lindsay, J.); *see also Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 248 (5th Cir. 2011) ("…"28 U.S.C. § 1441(a) [*sic*] instructs that '[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.'").

[18] *See* 28 U.S.C. § 1411(b)(2) (civil action removable based on diversity jurisdiction cannot be removed "if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought.") (emphasis added); *see also Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) ("The fraudulent joinder doctrine provides that a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant.").

[19] *See Waste Mgmt.*, 974 F.3d at 533; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[20] *Waste Mgmt.*, 974 F.3d 528 at 533; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

[21] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

liability.[22] Even if one were to assume that perhaps "John Doe" was the XPO employee who allegedly removed the door and propped it upright inside Plaintiffs' home, this assumed fact is insufficient to create personal liability on Doe because Doe would have simply been discharging a duty of his employment and not face personal liability.[23] In any event, upon information and belief, "John Doe" has not been served and no citation has been requested or issued.

Because there is no possibility that Plaintiffs can maintain a cause of action against the fictional "John Doe" in his individual capacity, "John Doe" has been fraudulently joined. As such, his citizenship should be disregarded, resulting in complete diversity existing between the proper parties in this case.

## VI.
## THE AMOUNT IN CONTROVERSY

In Texas, plaintiffs are required to choose from various statutory ranges of relief and include a statement in their pleading specifying the range of damages they seek.[24] Their options are:

- Only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees;

- Monetary relief of $100,000 or less and non-monetary relief;

- Monetary relief over $100,000 but not more than $200,000;

- Monetary relief over $200,000 but not more than $1,000,000; or

---

[22] *See generally*, Pl.'s Orig. Pet. (Ex. 1).

[23] *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) ("a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation."); *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex.1996) ("[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.").

[24] *See* Tex. R. Civ. P. 47(c).

- Monetary relief over $1,000,000.[25]

Here, Plaintiffs pleaded in their Original Petition that they are seeking "monetary relief of $250,000 or less, ***excluding*** interest, statutory, or exemplary damages and penalties, attorney fees and court costs."[26] Since they were required to so state if they were seeking $100,000 or less, and they did not so state but instead chose a maximum award well above this court's jurisdiction, Plaintiffs have judicially admitted they are seeking over $75,000, exclusive of interest and costs.

Even if one were to look beyond the pleadings, it is clear this case is removable. Plaintiff Carabajal claims a fracture to her hand, and she seeks "actual damages, physical pain in the past and future, mental anguish in the past and future, disfigurement in the past and future, physical impairment in the past and future, and medical expenses in the past and future.[27]

Thus, the second prong of diversity—that the amount in controversy exceed $75,000, exclusive of interest and costs—is met, and this case is removable.[28]

## VII.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon

---

[25] *Id.* 47(c)(1)-(5).

[26] *See* Pl.'s Orig. Pet., at p. 3, ¶ 13 (emphasis added) (Ex. 1).

[27] *Id.*, at p. 4, ¶ "Prayer" (Ex. 1); *see S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint)

[28] 28 U.S.C. §§ 1332, 1446.

which such action or proceeding is based."[29] Lowe's received Plaintiff's initial pleading on December 13, 2021, when Lowe's was served with Plaintiffs' Original Petition.[30] Accordingly, this removal is timely because it is made within thirty days after the receipt by Lowe's of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on July 19, 2021.[31]

## VIII.
## CONSENT OF ALL PROPERLY JOINED AND SERVED DEFENDANTS

In a multi-defendant action, the federal removal statute requires the joinder or consent of "all defendants who have been properly joined and served."[32] Here, no consent is necessary because none of the other two defendants have been properly joined and served.

According to the state court's docket sheet and filings that are on record in that cause, XPO still has not been properly served. And, as explained in Section V, *supra*, "John Doe" is not a proper defendant and has not been properly joined. Further, there is no return of service or affidavit of service on file in the underlying cause showing anybody by the name of "John Doe" has been properly served. Accordingly, consent is not required under 28 U.S.C. § 1446(b)(2)(A) because no other defendant has been properly joined *and* served.[33]

---

[29] 28 U.S.C. §§ 1332, 1446(b)(1).

[30] *See* Proof of Service, attached as **Exhibit 3**.

[31] *See id*.

[32] *See* 28 U.S.C. § 1446(b)(2)(A).

[33] *Id.*

## IX.
## PROCEDURAL REQUIREMENTS

Lowe's filed and/or will file with the Clerk of the 189th Judicial District Court of Harris County, Texas a Notice of Filing Notice of Removal contemporaneously with the filing of this Notice of Removal and/or promptly after the filing of same in compliance with 28 U.S.C. § 1446(d).

Pursuant to, and in accordance with, 28 U.S.C. §§ 1446(a) and 1447(b), copies of the following are attached hereto:

(1) State court docket sheet (as of January 6, 2022);[34]

(2) Plaintiffs' Original Petition (filed July 19, 2021);[35] and

(3) List of Counsel of Record.[36]

**WHEREFORE, PREMISES CONSIDERED,** Defendant Lowe's Home Centers, LLC respectfully prays that this case be removed to the United States District Court for the Southern District of Texas, Houston Division, and for such other and further relief to which it may show itself justly entitled at law or in equity.

---

[34] The State Court Docket Sheet is attached as **Exhibit 2**.

[35] (Previously attached as Exhibit 1).

[36] The List of Counsel of Record is attached as **Exhibit 4**.

Respectfully submitted,

/s/ Donna C. Peavler

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Sara K. Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
PEAVLER | BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**
**LOWE'S HOME CENTERS, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on January 6, 2022.

/s/ Donna C. Peavler
Donna C. Peavler